UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-416-F

| | |
|---|---|
| ROSANNA DEE ATAD, a/k/a ROSANNA DEE GRANADOS, <br><br>and<br><br>IA, a minor child,<br>by her mother ROSANNA DEE ATAD,<br><br>              Plaintiffs,<br><br>v.<br><br>JEFFREY BASIL ATAD,<br><br>              Defendant. | ORDER |

This matter is before the court on Plaintiffs' motion for summary judgment [DE-21]. The Defendant has failed to respond and the matter is ripe for resolution. The motion is ALLOWED in part and DENIED in part.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs bring claims for assault, battery, false imprisonment, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. These claims arise out of a domestic assault in which the Defendant attacked his wife and daughter. Because the Defendant failed to respond to any of the Plaintiffs' requests for admissions, the court deems the following facts admitted for purposes of ruling on the Plaintiffs' motion.

On June 10, 2010, the Defendant brutally attacked his wife and infant daughter. The Defendant is a special forces operator in the United States Army and he is trained in hand-to-hand combat. He apparently used these combat skills on his 95-pound wife ("Mrs. Atad") after she threatened to leave him. The Defendant viciously punched his wife, slammed her head against a wall, bound and gagged her, and nearly strangled her to death. The Defendant also verbally threatened to kill Mrs. Atad before and throughout the physical attack. Mrs. Atad suffered severe physical and emotional injuries.

Mrs. Atad was also holding the couple's infant daughter ("IA") in her arms at the time the Defendant initiated the attack. According counsel's brief, IA fell to the ground and suffered a concussion during the struggle. However, this fact is not included in the requests for admission sent to the Defendant.[1] Also according to counsel's brief, IA continues to struggle with a variety of significant psychological symptoms. Mrs. Atad and IA have had to relocate out of fear that the Defendant will attack them again.

After the Defendant failed to respond to any written discovery requests, the Plaintiffs filed a motion for summary judgment, requesting judgment as to liability on all claims. The court sent the Defendant a *Roseboro* notice that specifically advised him that failure to respond to the motion may result in judgment being entered against him. *See* Roseboro Letter [DE-22]; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The Defendant failed to respond to the motion for summary judgment as well.

---

[1] The court addresses this issue below.

## DISCUSSION

If a party fails to respond to requests for admissions under Federal Rule of Civil Procedure 36, the facts contained in the requests for admissions are deemed admitted. Fed. R. Civ. P. 36(a)(3); *Carney v. IRS*, 258 F.3d 415, 417-18 (5th Cir. 2001). These admissions can support entry of summary judgment. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 173 (4th Cir. 2005) ("Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment.").

As to Mrs. Atad, the court agrees that the admissions establish liability for each of the intentional torts: assault, battery, false imprisonment, and intentional infliction of emotional distress. Counsel's brief explains why the Defendant's admissions support liability as to each of Mrs. Atad's intentional tort claims under North Carolina law and the court adopts that reasoning herein. However, the court cannot find that the requested admissions establish liability with respect to IA's claims. Counsel's brief fails to explain how the admissions support liability as to IA's claims; counsel instead focuses his discussion exclusively on Mrs. Atad. It is counsel's responsibility (not the court's) to demonstrate why IA is entitled to summary judgment on each of the claims she has asserted in this case.

Moreover, the admissions mention IA once: "[a]dmit that the minor child, IA, was in Rosanna Dee Atad's arms when the physical altercation between you and her started." Request for Admission [DE-21-2] at 5 (2nd request for admission). This does not establish that the Defendant battered IA, for instance. It is entirely possible that Mrs. Atad was able to safely place the child down before the Defendant touched IA. *See Hawkins v. Hawkins*, 101 N.C. App. 529,

3

533, 400 S.E.2d 472, 475 (1991) (requiring offensive touching to demonstrate battery). Thus, the court has concerns regarding how these admissions support liability as to IA's claims.

Other than the requests for admission (which are deemed admitted), counsel does not submit any additional evidence in support of his motion for summary judgment. *See* Fed. R. Civ. P. 56 (describing proper summary judgment evidence). Although counsel's brief indicates that IA was knocked to the ground at the beginning of the attack, factual averments in counsel's brief cannot support a motion for summary judgment. *See id.*; *Marshall Indep. Sch. Dist. v. U.S. Gypsum Co.*, 790 F. Supp. 1291, 1298 n.4 (E.D. Tex. 1992) ("Defendant's counsel made factual assertions in [a brief]; [these assertions] are not, in themselves, proper summary judgment evidence . . . ."). The only competent summary judgment evidence in this case is the Defendant's admissions and, as noted above, it is not immediately clear how the admissions support IA's claims. Accordingly, should counsel choose to renew the motion for summary judgment as to IA, he must either explain how the Defendant's admissions support liability as to each of IA's intentional tort claims or provide additional competent summary judgment evidence to support IA's claims.

The Plaintiffs also bring claims for negligence and negligent infliction of emotional distress. "Without question, basing a claim upon intentional conduct and simply labeling it as negligent is untenable as an attempt to state a cause of action for negligence." *Riepe v. Sarstedt Inc.*, No. 5:09–CV–00104, 2010 WL 3326691, at *4 (W.D.N.C. Aug. 23, 2010); *Baldwin v. Tradesmen Int'l, Inc.*, 5:12-CV-00116-FL, 2013 WL 1192314, at *6 (E.D.N.C. Mar. 22, 2013), *aff'd sub nom., Freitas v. Tradesmen Int'l, Inc.*, 533 F. App'x 346 (4th Cir. 2013). Because the

4

factual predicate underlying these claims is the Defendant's intentional assault on the Plaintiffs, these claims are dismissed.

Finally, counsel has advised that he is in the process of arranging witnesses and gathering evidence for a jury trial on the damages in this case. This case is currently set for trial during the court's December 1, 2014 term of court. Counsel is advised that the undersigned does not hold separate civil and criminal terms. Thus, each term of court begins with approximately a week of criminal matters. In addition, due to constitutional and statutory speedy trial requirements, criminal trials always preempt civil trials. Thus, the court cannot predict at this time the specific day on which this trial will be held. The court will also not know its criminal trial schedule until approximately one week before the term of court. If counsel must have a date certain for the trial before that time, he is free to consent to magistrate judge jurisdiction.

## CONCLUSION

The Plaintiff's motion for summary judgment is ALLOWED in part and DENIED in part. It is allowed as to liability on Mrs. Atad's intentional tort claims. It is denied without prejudice to renew as to IA's intentional tort claims. It is denied with prejudice as to the negligence claims and those claims are hereby DISMISSED.

SO ORDERED.

This the 26 day of August, 2014.

*James C Fox*

JAMES C. FOX
Senior United States District Judge