IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-416-F

| | |
|---|---|
| ROSANNA DEE ATAD, a/k/a, ROSANNA DEE GRANADOS,<br><br>and<br><br>IA, a minor child, by her mother ROSANNA DEE ATAD,<br><br>        Plaintiffs,<br><br>v.<br><br>JEFFREY BASIL ATAD,<br><br>        Defendant. | **ORDER** |

This matter is before the court on Plaintiff IA's Motion for Summary Judgment [DE-34]. The defendant has failed to respond and the matter is ripe for resolution. For the reasons stated herein, the motion is ALLOWED IN PART and DENIED IN PART.

**PROCEDURAL AND FACTUAL BACKGROUND**

IA brings claims for assault, battery, false imprisonment, and intentional infliction of emotional distress. These claims arise out of a domestic assault in which the defendant attacked his wife, Plaintiff Rosanna Atad ("Mrs. Atad"), and daughter, IA. The defendant failed to respond to any of the plaintiffs' requests for admissions and the court treats those facts as admitted. Mrs. Atad has also filed a declaration in support of IA's motion for summary judgment. *See* Declaration of Rosanna Dee Atad [DE-34-2]. Those facts show the following.

The defendant is a special forces operator in the United States Army and is trained in hand-to-hand combat. *See* Requests for Admission [DE-21-2] at 5. On June 10, 2010, the defendant used these skills to brutally attack his wife and infant daughter. *See* Decl. [DE-34-2] at 2. Mrs. Atad had just picked up IA after informing the defendant that she was going to leave him. *Id.* The defendant blocked their exit with clenched fists, at which point Mrs. Atad asked the defendant, "[W]hat are you going to do?" *Id.* The defendant replied, "I'm going to kill you," and lunged forward, grabbing Mrs. Atad by the head and slamming it to the ground. *Id.* IA, who had been in her mother's arms, fell to the ground and struck her head. *Id.* at 3. She rolled out of her mother's arms and began "screaming and crying in pain." *Id.*

Mrs. Atad repeatedly tried to escape, but the defendant viciously punched his wife, slammed her head against a wall, bound and gagged her, and nearly strangled her to death. *Id.* at 3-4. The defendant also verbally threatened to kill Mrs. Atad before and throughout the physical attack, including telling her that "IA will grow up without a Mother and a Father." *See id.*; *see also* Reqs. Admis. [DE-21-2] at 6. After feigning death, Mrs. Atad heard an unknown voice at the door. Decl. [DE-34-2] at 4. She ran to the door and found a police officer there. *Id.* Mrs. Atad suffered severe physical and emotional injuries as a result of the attack. *See id.* at 5.

IA was diagnosed with a concussion and contusion below her eye. *Id.* at 4. Following the attack, she "bled from her nose, vomited on two occasions, and awoke in the middle of the night screaming." *Id.* Following the attack, IA manifested such symptoms as "loss of balance and coordination to the point of colliding into walls or falling," as well as "anxiety and . . . night terrors." *Id.* at 5. According to the briefs for this and the previous motion for summary judgment, Mrs. Atad and IA have had to relocate out of fear that the defendant will attack them again.

2

After the defendant failed to respond to written discovery requests, the plaintiffs filed a motion for summary judgment on all their claims. The court has sent the defendant two *Roseboro* notices specifically advising him that failure to respond to the motions may result in judgment being entered against him. *See* Roseboro Letter [DE-22, -39]; *see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The defendant did not respond to the original motion for summary judgment [DE-21] nor to this motion for summary judgment. The court allowed in part and denied in part the original motion for summary judgment, allowing the motion as to Mrs. Atad's intentional tort claims while denying the remaining portions of the motion. *See* Order of August 26, 2014 [DE-26].

## DISCUSSION

Summary judgment is appropriate when (1) no genuine issues of material fact exist and (2) the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making a summary judgment determination, the court must view the facts and make all reasonable inferences in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party must then come forward and demonstrate that an issue of fact does indeed exist. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where a party fails to respond to requests for admissions under Rule 36 of the Federal Rules of Civil Procedure, the facts contained in the requests for admissions are deemed admitted. Fed. R. Civ. P. 36(a)(3); *Carney v. IRS*, 258 F.3d 415, 418-19 (5th Cir. 2001). These admissions

3

can support entry of summary judgment. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 173 (4th Cir. 2005) ("Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment.") (quoting *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d. Cir. 1992)). A party moving for summary judgment may also support its motion using affidavits or declarations. *See* Fed. R. Civ. P. 56(c)(1)(A).

Here, the court finds that the facts contained in the admissions and Atad declaration establish liability for IA's claims of assault, battery, and false imprisonment. Counsel's brief explains why the defendant's admissions, along with the Atad declaration, support liability as to each of those three intentional tort claims under North Carolina law and the court adopts that reasoning herein. *See* Memorandum in Support of IA's Motion for Summary Judgment [DE-34-1] at 7-10.

As to IA's claim for intentional infliction of emotional distress, that claim requires a showing of three elements: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another." *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981). "The tort may also exist where defendant's actions indicate a reckless indifference to the likelihood that they will cause severe emotional distress." *Id.* The defendant's actions were certainly extreme and outrageous. Those actions may have also risen to the level of reckless indifference discussed in *Dickens*. However, the court is unable to determine at this time whether IA, an infant of twenty-two months at the time of the attack, was able to experience severe emotional distress as opposed to mere fear. Because of this, the court reserves for trial the issue of liability as to IA's claim for intentional infliction of emotional distress. The parties should be prepared to present evidence on this matter, particularly as it concerns an

infant's ability to experience severe emotional distress. Such a showing may require the testimony of opinion or expert witnesses.

## CONCLUSION

For the foregoing reasons, IA's motion for summary judgment is ALLOWED as to her claims for assault, battery, and false imprisonment. The trial in this matter, currently set for this court's January 26, 2015 term, will be held as to liability and damages for IA's claim of intentional infliction of emotional distress, as well as the issue of damages for the IA's claims of assault, battery, and false imprisonment.

SO ORDERED.

This, the 12 day of January, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge