IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-416-F

ROSANNA DEE ATAD, a/k/a, )
ROSANNA DEE GRANADOS, )
)
and )
)
IA, a minor child, )
by her mother ROSANNA DEE ATAD, )
) **ORDER**
Plaintiffs, )
)
v. )
)
JEFFREY BASIL ATAD, )
)
Defendant. )

This matter is before the court on the Plaintiff IA's motion [DE-44] for voluntary

dismissal of her claim for intentional infliction of emotional distress. For the reasons stated

herein, the motion is ALLOWED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs IA and Rosanna Atad brought claims for assault, battery, false imprisonment, and

intentional infliction of emotional distress, as well as negligence and negligent infliction of

emotional distress. In responses to motions for summary judgment by both plaintiffs, the court

sent the defendant two *Roseboro* notices specifically advising him that failure to respond to the

motions may result in judgment being entered against him. *See* Roseboro Letter [DE-22, -39];

*see also Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The defendant did not respond to

either notice. The court granted Rosanna Atad's motion for summary judgment as to liability on

all her intentional tort claims. *See* Order of August 26, 2014 [DE-26]. The court likewise granted

summary judgment to IA as to liability for her claims for assault, battery, and false

imprisonment. *See* Order of January 12, 2015 [DE-41]. However, the court denied IA's motion

for summary judgment as to the issue of liability for intentional infliction of emotional distress.

Trial is set in this matter for the court's January 26, 2015 term. *See id.* IA now moves to dismiss

her claim for intentional infliction of emotional distress. She has also moved for expedited

consideration given the proximity of trial.

## DISCUSSION

A party may dismiss an action voluntarily, without an order of the court, by filing a

notice of dismissal at any time before service by the adverse party of an answer or a motion for

summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). In all other instances, "an action may be

dismissed at [a] plaintiff's request only by court order." Fed. R. Civ. P. 41(a)(2). In determining

whether to grant a motion for dismissal under Rule 41(a)(2), a court should consider the

following factors: "(1) the opposing party's effort and expense in preparing for trial; (2)

excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the

need for a dismissal; and (4) the present stage of litigation." *Hobbs v. Kroger Co.*, No. 98–1831,

1999 WL 156045, at \*1 (4th Cir. March 23, 1999).

Here, dismissal of IA's claim for intentional infliction of emotional distress will not result

in prejudice the defendant. IA has requested dismissal of her claim with prejudice. This weighs

in the defendant's favor as he will avoid relitigation of the claim. The plaintiff has also shown

good cause and good faith in seeking the motion. The court agrees that dismissal will serve

judicial economy and simplify a trial of the issues.

2

IA has also moved the court for expedited consideration of her motion. Because the

defendant has done little to participate in this action beyond filing an answer, and because the

defendant will not be prejudiced by dismissal, an expedited ruling is warranted. The defendant

has not responded to discovery requests or to two motions for summary judgment, despite the

court's attempts to notify the defendant with *Roseboro* letters. The defendant has not retained

counsel nor complied with Rules 16 or 26 of the Federal Rules of Civil Procedure. The defendant

is unlikely to respond to the present motion, especially when it weighs in his favor. Therefore,

the court will rule on this motion without awaiting a response from the defendant.

## CONCLUSION

For the foregoing reasons, IA's motion [DE-44] for voluntary dismissal of her claim for

intentional infliction of emotional distress is ALLOWED as to her claim for intentional infliction

of emotional distress. IA's claim for intentional infliction of emotional distress is dismissed with

prejudice. The jury trial as to damages for the plaintiffs' remaining claims will proceed as

scheduled for the court's January 26, 2015 term.[1]

SO ORDERED.

This, the 2 0 day of January, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] The court advises the parties that criminal cases require adherence to statutory as well as Constitutional speedy trial requirements. For that reason, criminal trials on a term of court always preempt civil trials. The parties should also be aware that the volatile nature of criminal cases sometimes necessitates last-minute continuances of criminal trials, and often results in unexpected eleventh-hour guilty pleas. For these reasons, it is unlikely that the trial in this matter will actually commence on January 26, 2015